**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, LOCAL 249, Appellant,**

v.

**The KROGER CO., an Ohio Corporation.**

**No. 17443.**

United States Court of Appeals Third Circuit.

Argued April 11, 1969.

Decided June 6, 1969.

Ben Paul Jubelirer, Pittsburgh, Pa., for appellant.

Leonard L. Scheinholtz, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (Nicholas Unkovic, Scott F. Zimmerman, Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This action was brought by the plaintiff, Brotherhood of Teamsters, to compel the defendant, Kroger Co., to arbitrate certain issues alleged to be covered by a collective bargaining agreement which contained a provision for binding arbitration of certain grievances. On this appeal, review is sought of the district court's refusal to compel arbitration of plaintiff's claim of "unjust removal" of plaintiff's members in connection with a transfer of the defendant-employer's business from one city to another. The employees in question are those who did not accept an offer of continuing employment at the place to which the business was transferred.

By its terms the labor contract, including its arbitration provision, was "in effect from October 1, 1965 until October 1, 1966". The record establishes beyond reasonable dispute and the district court found that the employment status of these workers was not terminated until the end of the day of September 30, 1966. Accordingly, the district court concluded and we agree that the issue in dispute was not covered by the collective bargaining contract or its arbitration clause which, by their terms, expired at the same time as the now challenged termination of employment.

The appellants claim that the time the contract expired was itself an arbitrable question. However, we think the language of the contract is explicit and unambiguous and cannot support a claim that it was in force at any time on October 1, 1966. Cf. N.L.R.B. v. Cone Mills Corp., 4th Cir. 1967, 373 F.2d 595; International Brotherhood of Electrical Workers, Local Union 1102 v. Wadsworth Electrical Mfg. Co., E.D.Ky. 1965, 240 F.Supp. 292. Thus the court had no occasion to assign any question of contractual interpretation for arbitration.

The district court also found that the subject matter of all of the appellant's other grievances, except the issues concerning vacation pay which Kroger agreed to arbitrate, was outside of the contractually agreed scope of the arbitration clause. On the face of the contract, we find this construction clearly correct.

The judgment will be affirmed.